UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 15-09855-AB (ASx) | Date: | May 25, 2017 |
|---|---|---|---|

| Title: | *Martin Vogel v. Sym Properties, LLC* |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     [In Chambers] Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction

     Plaintiff filed this action on December 23, 2015, alleging violations of the Americans with Disabilities Act ("ADA") and the Disabled Persons Act, the Unruh Civil Rights Act, and Health and Safety Code § 19955(a) under California law. Plaintiff asserted jurisdiction under 28 U.S.C. § 1331 and 1343 as to the ADA claim and supplemental jurisdiction under 28 U.S.C. § 1367 as to the state law claims. (Dkt. No. 1, Compl. ¶¶ 3, 4.)

     On December 12, 2016, Plaintiff filed a motion for summary judgment as to the ADA and Unruh Act claims. (Dkt. No. 29.) Having considered the evidence presented by Plaintiff, all of which was uncontroverted by Defendant, the Court granted the motion and entered judgment in favor of Plaintiff. (Dkt. Nos. 40, 42.) Plaintiff then filed a motion for attorneys' fees under the ADA and the Unruh Act. (Dkt. No. 44.) In support of his motion, Plaintiff submitted materials that call into question the Court's jurisdiction to hear this case. Specifically, the Court questions whether Plaintiff has standing to

maintain this case against Defendant.

Plaintiff has the burden of establishing he has standing to pursue his claims. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To do so, a plaintiff must show he has suffered an "injury in fact" that is concrete and particularized, and "actual or imminent, not conjectural or hypothetical," that the injury is "fairly traceable to the challenged action of the defendant," and that the injury is likely to be "redressed by a favorable decision" by the court. *Id.* at 560-61 (citations omitted). Because these elements are a prerequisite to the exercise of the Court's jurisdiction, and not mere pleading requirements, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Id.* at 561.

The ADA provides for injunctive relief and the recovery of attorneys' fees, so to establish standing under the ADA, "a plaintiff must allege that a public accommodation has discriminated against him and that there is a 'real or immediate threat that the public accommodation will again subject him to discrimination.'" *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 946 (C.D. Cal. 2005) (citing *Bird v. Lewis & Clark College*, 303 F.3d 1015, 1019 (9th Cir. 2002)). To establish "actual or imminent injury," a plaintiff must show he is "currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA," or that he is threatened with future harm "because of existing or imminently threatened non-compliance with ADA." *Pickern v. Holiday Quality Foods, Inc.* 293 F.3d 1031, 1133, 1137-38 (9th Cir. 2002). Courts consider a plaintiff's stated intention to return to a particular place, in addition to factors such as: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Arby's*, 359 F. Supp. 2d 947 at n.10. Should Plaintiff here fail to establish standing under the ADA, the Court would not have jurisdiction to hear the claim and could decline to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c).

Here, the only evidence Plaintiff presented at summary judgment was a declaration that he visited the subject property located at 9202-9218 Alondra Boulevard, Bellflower, CA 90706, three times, one of which was for the purpose of documenting the alleged ADAAG violations for purposes of litigating this case. (Dkt. No. 29-2, Declaration of Martin Vogel ("Vogel Decl.") ¶ 2.) Plaintiff also stated "I enjoy the Shopping Center's location as well as the shops and restaurants contained within it. I intend to return to the Facility, however, I would like to see it made accessible to me." (*Id.* at ¶ 3.) Plaintiff did not submit receipts that would corroborate his stated enjoyment of the shopping center, nor did he name any of the businesses he purported to visit. Because Defendant failed to meaningfully oppose the motion or present any evidence to dispute Plaintiff's statements, the Court accepted Plaintiff's representations.

However, the materials Plaintiff submitted in support of his subsequent motion for attorneys' fees indicate Plaintiff may not have standing. For example, Plaintiff's counsel's record of incurred fees demonstrates that Lynn and Scottlynn Hubbard had a phone call with Plaintiff, traveled to the property to inspect it, and prepared a fee agreement and a letter to Plaintiff before Plaintiff ever visited the property and encountered any barriers to access. (*See* Dkt. No. 44-6, Declaration of Scottlynn Hubbard ("Hubbard Decl.") ¶ 53, Ex. 4 at 1.) Moreover, in cases representing this Plaintiff, counsel has represented that Plaintiff had actually patronized a particular location and encountered barriers to access when, in fact, it was counsel, not Plaintiff, who had ever visited the location at issue. *See, e.g.*, *Vogel v. Tulaphorn, Inc.*, 637 F. App'x 344, 345 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 173 (2016). These factors also call into question Plaintiff's stated intent to return to the subject property and, consequently, further bear on the standing inquiry.

Thus, on the thin record before it, and without the benefit of discovery, the Court finds Plaintiff has not established he has standing to pursue his claims. Accordingly, the Court **ORDERS** Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a response, which may include additional briefing and evidence as he deems necessary to meet his burden, within fourteen (14) days of the issuance of this order. The Court will decide whether this matter merits a hearing once it has had an opportunity to review Plaintiff's submission. Failure to timely respond will result in dismissal of this case without further notice.

**IT IS SO ORDERED.**